UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| DEYONTA R. ROBINSON, ) | |
| Petitioner, ) | |
| ) | No. 1:08-cv-291 |
| -v- ) | |
| ) | HONORABLE PAUL L. MALONEY |
| SHIRLEY A. HARRY, ) | |
| Respondent. ) | |
| ) | |

## ORDER ADOPTING REPORT AND RECOMMENDATION OVER OBJECTIONS AND ISSUING A CERTIFICATE OF APPEALABILITY

Deyonta R. Robinson, a prisoner under the control of the Michigan Department of Corrections, filed an application for writ of habeas corpus under 28 U.S.C. § 2254. The Magistrate Judge has reviewed the petition and the answer and issued a report recommending the petition be denied. (ECF No. 35.) Robinson timely filed an objection. (ECF No. 36.) By leave of the Court, Robinson also filed a supplemental objection. (ECF No. 40.)

This Court has reviewed the objections de novo. *See* U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam). The Court finds that the report and recommendation accurately states the facts and the law. The recommendations in the report are sound and well-supported.

With the exception of Robinson's objection to the alleged variance, the Court finds no need to comment or elaborate on the conclusions and recommendations in the report. Robinson was tried on four counts of armed robbery and four counts of possession of a firearm during the commission of a felony. The jury found Robinson not guilty on the four felony-firearm counts, guilty on one count of armed robbery, and guilty on three counts of the lesser-included offense of unarmed robbery. Robinson asserts that a variance occurred because the indictment charged him with armed

robbery using a gun, but he was convicted of armed robbery using a broken bottle. Robinson asserts that his defense was compromised, because he raised, as his defense, the lack of a firearm. Robinson argues that the prosecutor switched theories through the jury instructions and allowed the jury to find that a broken bottle, rather than a gun, was the weapon used for the armed robbery charge.

The Court directs attention to *United States v. D'Amelio*, 683 F.3d 412, 418 (2d Cir. 2012), a recent opinion issued by the Second Circuit Court of Appeals. In that case, the defendant was charged with using a facility and means of interstate commerce to persuade a person under the age of 18 to have sex: "*to wit, D'AMELIA [sic] used a computer and the Internet* to attempt to entice, induce, coerce, and persuade a minor to engage in sexual activity in violation of New York State laws." *Id.* at 414 (quoting from the Indictment, emphasis in original.) During the trial, the prosecution presented recordings of six telephone calls with the alleged minor. The defendant objected to any jury instruction that referenced the use of a telephone to commit the offense, which was denied by the trial court. The Second Circuit rejected the defendant's assertion that any reference to a telephone in the jury instructions constituted a constructive amendment to the charged conduct. The Second Circuit reasoned that the "'core of criminality' of an offense involves the essence of a crime, in general terms; the particulars of how a defendant effected the crime falls outside that purview." *Id.* at 418 (citing *Martin v. Kassulke*, 970 F.2d 1539, 1543 (6th Cir. 1992)). The court concluded that the defendant was not prejudiced by any variance because the government's proof at trial did not alter or modify the essential element, the use of a facility or means of interstate commerce, of the alleged crime. *Id.* at 422.

As to the alleged variance, the Court finds the question difficult, but ultimately concludes the Magistrate Judge reached the correct disposition of the issue. Particularly insightful is the

discussion, on pages 18 and 19 of the report and recommendation (PgID 680-81), of Robinson's inability to show prejudice from the alleged variance. Robinson's claim that he focused his defense on the lack of a gun ignores the fact that this defense was necessary to create doubt for the felony-firearm charges. The government's proof in this case was a single set of facts relating to a single event. The evidence that a broken bottle was used as a weapon during the robbery was not a surprise to Robinson. The use of the beer bottle to strike a victim was revealed as early as the preliminary examination. The essential element of the armed robbery charge, the possession of a dangerous weapon during the commission of a robbery, was not altered when the evidence showed the possession of a broken bottle, rather than the possession of a gun.

Accordingly, the Report and Recommendation (ECF No. 35) is **ADOPTED** over objections. Robinson's petition is **DENIED.**

## CERTIFICATE OF APPEALABILITY

A district court must issue a certificate of appealability either at the time the petition for writ of habeas corpus is denied or upon the filing of a notice of appeal. *Castro v. United States*, 310 F.3d 900, 903 (6th Cir. 2002) (per curiam). A court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). *See Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003). To satisfy this standard, the petitioner must show that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Id.* (quoting *Slack v. McDaniel*, 529 U.S. 473, 483 (2000)). Courts should undertake an individualized determination of each claim presented by the petitioner when considering whether to issue a certificate of appealability. *Murphy v. Ohio*,

551 F.3d 485, 492 (6th Cir. 2009).

The Court has reviewed the petition for the purpose of issuing a certificate of appealability. Generally, the Court concludes that reasonable jurists would not disagree with the conclusions in the report and recommendation. The report and recommendation identifies the proper facts and legal authority. There is one issue, however, over which reasonable jurists might disagree. Reasonable jurists might disagree on whether the alleged variance was prejudicial. Although this Court concluded otherwise, the fact that the dangerous weapon was not of the same type of weapon as was specified in the indictment, may cause disagreement over the issue of prejudice. Therefore, the Court will **ISSUE A CERTIFICATE OF APPEAL** on the question of whether Robinson was prejudiced by the alleged variance.

**IT IS SO ORDERED.**

Date:   December 11, 2012           /s/ Paul L. Maloney
                                    Paul L. Maloney
                                    Chief United States District Judge